Michael David STORMAN,
Plaintiff—Appellant,

v.

SACRAMENTO REGIONAL TRANSIT
DISTRICT, Defendant—Appellee.

No. 02–16135.
D.C. No. CV–01–01692–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2003.*

Decided July 3, 2003.

* Storman was well represented in this appeal by Sally Digges, Mary La Paglia, Jill Sosin, and Jill Tsiakilos, law students from the University of Arizona's James E. Rogers College of Law. The Court thanks them for their excellent work and for participating in the Court's pro bono representation program.

Before D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP, Distict Judge.[**]

MEMORANDUM[***]

Appellant Michael Storman challenges the district court's dismissal for failure to state a claim upon which relief can be granted, *see* Fed.R.Civ.P. 12(b)(6), of his pro se complaint against the Sacramento Regional Transit District ("RT"). Storman asserted claims under state and federal law for restricted, or trip-by-trip, paratransit eligibility.

■ Taking into consideration that we must hold "the allegations of the *pro se* complaint . . . to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), Storman has adequately stated a claim for an Americans with Disabilities Act ("ADA") violation. Storman alleged that on some occasions, due to his disabilities, he cannot walk more than one block, cannot walk the mile between one of his treating physicians' offices and the nearest fixed-route bus stop, and forgoes trips that he used to make when he was deemed eligible for paratransit services. The ADA specifically requires public transit agencies to provide paratransit services to the disabled. *See* 42 U.S.C. § 12132. The regulations require RT to provide such services to Storman if he has "a specific impairment-related condition which prevents [him] from traveling to a boarding location or from a disembarking location," 49 C.F.R. § 37.123(e)(3), and provide that "a case of 'prevented travel' can be made not only where travel is literally impossible . . . but also where the difficulties are so

substantial that a reasonable person with the impairment-related condition in question would be deterred from making the trip." 49 C.F.R. Pt. 37 App. D. Storman's allegations are sufficient to state a claim that a reasonable person with his disabilities would be deterred from riding a fixed-route bus for at least some trips. No more is required to survive a Rule 12(b)(6) motion to dismiss.

The district court also erred in dismissing Storman's claims under the antidiscrimination provisions of the Rehabilitation Act ("RA"), *see* 29 U.S.C. § 794, and California's Unruh Act, Cal. Civ.Code § 51, both of which he specifically raised in his complaint. The allegations sustaining Storman's ADA claim are legally sufficient to support claims under the RA and the Unruh Act. The statute that declares that the failure to provide paratransit services constitutes discrimination under the ADA also states that such failure is discrimination under the RA, *see* 42 U.S.C. § 12143(a), and the Unruh Act provides that any violation of the ADA "shall also constitute a violation of this section." Cal. Civ.Code § 51(f).

■ Although the district court did not discuss it, Storman also raised a claim for intentional infliction of emotional distress under California law. The complaint states that Storman suffered "emotional distress" due to RT's actions and, "as a result," is "bringing a tort claim against defendants in addition to alleging violations under the above acts." This statement is sufficient to provide notice that he is making a claim for intentional infliction of emotional distress, and the district court erred in dismissing this claim along with

[**] The Honorable William H. Alsup, United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the others. If the district court determines that the complaint is too vague to allow RT to answer it, the appropriate solution would be to grant RT's motion for a more definite statement, not to dismiss the cause of action. *See* Fed.R.Civ.P. 12(f). Alternately, if the district court determines that there are deficiencies in the complaint, it "should grant leave to amend even if no request to amend the pleading [is] made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (internal quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

 Finally, we note that the district court did not abuse its discretion in denying Storman's motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), which provides for mandatory appointment of counsel for claims under Title VII of the Civil Rights Act of 1964. Although § 2000e-5(f)(1) does apply to claims under Title I of the ADA, which relates to employment discrimination, *see* 42 U.S.C. § 12117(a), it does not apply to Storman's claim under Title II of the ADA. Unlike Title I, Title II's remedies are tied not to Title VII of the Civil Rights Act but to § 505 of the RA, 29 U.S.C. § 794a. *See* 42 U.S.C. § 12133. Section 505, in turn, "incorporates the remedies of Title VI of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(2)." *Armstrong v. Davis*, 318 F.3d 965, 974 (9th Cir.2003) (emphasis removed). Unlike Title VII, Title VI has no appointment of counsel provisions.

Although there was no abuse of discretion here, we note that pro bono representation has been very helpful to this Court, and we invite the district court to reconsider whether the appointment of counsel might be appropriate under 28 U.S.C. § 1915(e)(1). The court below apparently denied Storman's motion without prejudice, leaving open the option of renewing the motion at a later date.

For the foregoing reasons, the district court's denial of Storman's motion for appointment of counsel is AFFIRMED. The district court's judgment on the motion to dismiss is REVERSED and the case is REMANDED for further proceedings.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**